M. H. MOSIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5304.   Promulgated November 30, 1926.

*Eugene M. Berger, C. P. A.,* and *Eugene A. Hawkins, Esq.,* for the petitioner.

*George E. Adams, Esq.,* for the respondent.

LANSDON: The Commissioner has asserted a deficiency in income tax for the year 1920 in the amount of $18,205.06. The petitioner asserts that the Commissioner erred in disallowing a certain deduc-

tion from gross income on account of a loss sustained during the taxable year.

### FINDINGS OF FACT.

In May, 1915, the petitioner, who has been an oil producer since 1876, together with J. S. Cosden, F. M. Aiken, M. V. V. Franchot, and W. L. Curtis, formed a syndicate and purchased from the Atlantic Petroleum Co. certain oil leases on 27,000 acres of land, located in the Republic of Mexico, at a cost of $44,000. For the purpose of exploring, testing, and developing such leases, the syndicate formed the Oklamex Oil Co., which was chartered in 1916, with an authorized capitalization of $6,000,000. The contract for the purchase of the leases provided that the capital stock of the corporation, to be formed for development and operating purposes, should be issued to the members of the syndicate in the amount of $3,000,000 par value, on account of the $44,000 contributed by them for the purpose of the leases, and in the amount of $1,800,000 par value to the Atlantic Petroleum Co., as additional consideration for such leases, and that the remaining stock, in the amount of $1,200,000, should be disposed of by the members of the syndicate to secure funds for development. The members of the syndicate never offered the retained stock for sale to the public, but absorbed it among themselves at an agreed price of $15 per share, thereby realizing $180,000, all of which was expended in prospecting for oil on the leased lands, together with about $100,000 additional money which was advanced from time to time by members of the syndicate.

The members of the syndicate agreed that they would share the expenses of the corporation and the cost of developing the leases in proportion to their stockholdings in the Oklamex Oil Co. Pursuant to such agreement, Cosden undertook the development work, and, prior to 1920, completed two test wells, both of which were dry holes. The development work and other expenses absorbed the entire amount of $180,000 paid in to the corporation by the syndicate on account of the treasury stock and cost about $100,000 in addition thereto. The cost of such work in excess of receipts on account of sales of stock was paid by the members of the syndicate approximately in proportion to their stockholdings in the Oklamex Oil Co. Such payments were accounted for on the books of the company as assessments.

During the years 1919 and 1920, the petitioner paid in to the company the amount of $15,178.61 as his proportion of the obligation resulting from the agreement of the members of the syndicate to share the expenses of developing the oil leases. In his income-tax return for 1920 he deducted this amount from his gross income, as a bad debt ascertained to be worthless and charged off during such

taxable year. Upon audit of this return the Commissioner disallowed the deduction and asserted the deficiency here in controversy.

Prior to the year 1920 the syndicate abandoned further development work. At a meeting of the stockholders of the Oklamex Oil Co., held on July 11, 1919, the officers were authorized to sell the whole or any part of the company's oil leases or other property in Mexico. In the early part of 1920 a man experienced in the sale of such property was employed for this service. He visited Houston, Tampico, and New York, and spent several months in his search for buyers, but was unable to sell the property, or any part thereof, at any price. The effort to sell was abandoned prior to December 31, 1920. Prior to, or during the year 1920, all the property other than the oil leases was sold. At December 31, 1920, the Oklamex Oil Co. had no assets and its stock was worthless.

*Judgment will be entered for the petitioner after 20 days' notice, under Rule 50.*